```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


ALBERT L. PIERSON,              )
                                )
          Petitioner,           )
                                )
     v.                         )           No. 4:03 CV 1531 CEJ
                                )                            DDN
DAVE DORMIRE,                   )
                                )
          Respondent.           )
```

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

    This action is before the court upon the petition of Missouri state prisoner Albert L. Pierson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition in accordance with 28 U.S.C. § 636(b).

### I.  BACKGROUND

    In 1998, a jury in Circuit Court of St. Charles County convicted Albert L. Pierson of first-degree robbery and armed criminal action. He was sentenced to concurrent terms of thirty years and ten years imprisonment. On January 11, 2000, the Missouri Court of Appeals affirmed the conviction. State v. Pierson, 24 S.W.3d 720 (Mo. Ct. App. 2000); (Doc. 12 Ex. F at 1). This judgment became final on January 26, 2000, when the fifteen day period for filing a motion for rehearing expired. Mo. S. Ct. R. 84.17.

    On April 13, 2000, petitioner Pierson filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15. (Doc. 12 Ex. I at 1.) Following a hearing, the circuit court denied relief on July 6, 2001. (Id. Ex. I at 68-71.) On September 17, 2002, the Missouri Court of Appeals affirmed the denial of post-conviction relief. Pierson v. State, 85 S.W.3d 701 (Mo. Ct. App. 2002); (Doc. 12 Ex. L). Petitioner again had fifteen days, until October 2, 2002, in which to seek rehearing. Mo. S. Ct. R. 84.17. He did not do so.

    Pierson mailed the instant petition for a federal writ of habeas

corpus on October 21, 2003. (Doc. 10 at 5.) In this petition, he alleges 7 grounds for relief. (Doc. 2 Attach. C at 1-13.) Specifically, he alleges his federal constitutional rights were violated when:

1) the trial court denied his motion for a continuance of the trial in order to secure the attendance of witness Alana Doran;

2) the trial court restricted his ability to conduct voir dire;

3) the trial court allowed the prosecutor to give the jury an incorrect definition of "reasonable doubt;"

4) the trial court allowed the prosecutor to make unfair statements to the jury;

5) the trial court improperly denied petitioner's Rule 29.15 post-conviction motion claim that his counsel provided ineffective assistance by failing to show the jury a videotape that might have led to a not guilty verdict; and

6) the trial court improperly denied petitioner's Rule 29.15 post-conviction motion claim that his counsel provided ineffective assistance by failing to locate and call two persons as witnesses; and

7) the trial court improperly denied petitioner's Rule 29.15 post-conviction motion claim that his counsel provided ineffective assistance by failing to endorse Alana Doran as a witness.

Respondent argues that this action is time barred by the one-year limitations period for filing a federal habeas petition.

## II. STATUTE OF LIMITATIONS

A person in custody under a state court judgment has one year to apply for a writ of habeas corpus from a federal court. 28 U.S.C. § 2244(d)(1); Lee v. Norris, 354 F.3d 846, 849 (8th Cir. 2004). Petitioner's one-year period began running on the day the underlying conviction judgment became final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As set forth above, Pierson appealed to the Missouri Court of Appeals, which affirmed his conviction on January 11, 2000. Although he filed no such motion, Pierson had 15 days to move for rehearing. Mo.

S. Ct. R. 84.17.  The state court conviction judgment thus became final on January 26, 2000.  Petitioner had one year from this date to petition this court for habeas corpus relief.  28 U.S.C. § 2244(d)(1)(A).

Petitioner stopped the passage of this one-year period by filing an application for post-conviction relief in the Missouri circuit court on April 13, 2000.  The statute of limitations is tolled during the time any application for post-conviction relief is pending.  28 U.S.C. §2244(d)(2).  The Missouri Court of Appeals affirmed the denial of post-conviction relief on September 17, 2002, and Pierson had until October 2, 2002, 15 days, to seek further relief in the state court pursuant to Missouri Supreme Court Rule 84.17.  The one-year period for seeking federal habeas corpus relief was tolled for the 903 days during which the application in the state was pending.  28 U.S.C. §2244(d)(2).  Pierson's new due date for filing the federal habeas corpus petition became July 16, 2003.[1]  Pierson missed this due date, mailing his petition on October 21, 2003, 97 days too late.

Pierson argues that he complied with the statute of limitations, because the one-year limitations period did not start running until after the conclusion of the post-conviction relief proceedings, i.e. on October 2, 2002.  (Traverse, Doc. 16 at 3.)  This was, he argues, "the date on which the judgment became final," for the purposes of 28 U.S.C. § 2244(d)(1)(A).  Pierson relies on Black's Law Dictionary for the proposition that a final judgment is "'one which leaves nothing open to further dispute.'"  (Doc. 16 at 3.)  Pierson argues that all his disputes with his conviction were not ruled until the conclusion of the post-conviction relief motion.

Petitioner's argument is not persuasive.  The relevant federal statute expressly states when a judgment becomes final for the purposes of the limitations period.  Under § 2244(d)(1)(A), the statutory limitations period runs from "the date on which the judgment became final *by the conclusion of direct review or the expiration of the time*

---

[1]Seventy-eight days passed between January 26, 2000 and April 13, 2000.  Thereafter, the statute of limitations was tolled for 903 days while the state court application was pending.  Therefore, once the statute began to run again, petitioner had 287 days left to file his petition, or until July 16, 2003.

- 3 -

*for seeking such review.*" 28 U.S.C. § 2244(d)(1)(A) (emphasis added). According to the statute, the judgment of the Missouri Court of Appeals became final on January 26, 2000, when the period for seeking rehearing ended.

Even if the conviction judgment did not become final until October 2, 2002, as he argues, Pierson still failed to commence this action within the one-year limitations period, because he did not mail his federal habeas petition until October 21, 2003.

Pierson argues that he is entitled to an extra 90-day tolling period. (Traverse Doc. 16 at 2.) He relies on Missouri Supreme Court Rule 29.15, which limits the period for filing a post-conviction motion in Missouri state court to 90 days after the appellate verdict. Mo. Sup. Ct. R. 29.15(b). This provision gave petitioner 90 days, from the day the Missouri Court of Appeals decided his direct appeal, to file a state post-conviction motion. It did not give him 90 days of tolling. Only the time during which the state post-conviction motion was *actually pending* is tolled. 28 U.S.C. § 2244(d)(2). Pierson filed his state court post-conviction relief motion on April 13, 2000. This motion was pending until October 2, 2002, giving Pierson 903 days of tolling. Rule 29.15 does not give Pierson an extra 90 days of tolling.

Nor is Pierson entitled to toll the limitations period between the determination of his direct appeal and the filing of his state post-conviction motion, a period of 93 days. During this period, Pierson had no post-conviction relief motion pending in state court, and therefore he had not yet triggered the tolling provision of § 2244(d)(2).

To summarize, Pierson had one year after January 26, 2000, to file his federal habeas petition. This time period was tolled from April 13, 2000, to October 2, 2002, a period of 903 days. The clock began running again on October 3, 2002, when the state post-conviction motion ceased to be pending. Pierson had until July 16, 2003, to file his federal habeas petition. Pierson mailed his petition 97 days too late, on October 21, 2003. Pierson failed to comply with the statute of limitations in § 2244(d).

**RECOMMENDATION**

For the reasons stated above, it is the recommendation of the undersigned United States Magistrate Judge that the petition of Albert L. Pierson for a writ of habeas corpus be dismissed.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation. The failure to file timely written objections may result in the waiver of the right to appeal issues of fact.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 12, 2005.