UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALBERT L. PIERSON,           )
                             )
          Petitioner,        )
                             )
     vs.                     )        No. 4:03-CV-1531 (CEJ)
                             )
DAVE DORMIRE,                )
                             )
          Respondent.        )

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge David D. Noce, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On December 12, 2005, Judge Noce issued a Report and Recommendation, recommending that the petition of Albert Pierson for writ of habeas corpus under 28 U.S.C. § 2254 be denied as untimely under 28 U.S.C. § 2244(d). Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

On October 19, 1998, a jury in the Circuit Court of St. Charles County convicted petitioner of first-degree robbery and armed criminal action. Petitioner was sentenced to concurrent terms of imprisonment of thirty years and ten years, respectively. His convictions and sentences were affirmed on appeal.

A person in custody under a state court judgment has one year from the date upon which the judgment became final to apply for a writ of habeas corpus from a federal court. 28 U.S.C. § 2244(d)(1).

The judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The Missouri Court of Appeals affirmed petitioner's convictions on January 11, 2000. <u>State v. Pierson</u>, 24 S.W.3d 720 (Mo. Ct. App. 2000). Judge Noce found that the judgment became final fifteen days later when petitioner's time for filing a motion for rehearing under Missouri Supreme Court Rule 84.17 expired. Arguably, petitioner's conviction did not become final under § 2244(d)(1)(A) until the expiration of the ninety-day period for seeking certiorari from the United States Supreme Court. <u>Smith v. Bowersox</u>, 159 F.3d 345, 348 (8th Cir. 1998) (judgment final for purposes of § 2244(d)(1) by the conclusion of all direct criminal appeals in the state system followed by the expiration of the ninety-day period allotted for filing a petition for writ of certiorari); <u>see also</u> <u>Mayer v. Dormire</u>, 2005 WL 2454028 (E.D. Mo. Oct. 3, 2005) (where no petition for discretionary review by the Missouri Supreme Court filed, judgment final ninety days after Missouri State Court of Appeals affirms conviction). <u>But see</u> <u>Roberts v. Cockrell</u>, 319 F.3d 690, 693 n.14 (5th Cir. 2003) (petitioner "apparently" waived right to seek certiorari by failing to file petition for discretionary review). Giving petitioner the benefit of the additional time, petitioner's conviction thus became final on April 10, 2000.

The one-year statutory period is tolled during the time a properly filed application for State post-conviction relief is pending. § 2244(d)(2). Petitioner filed a motion for post-conviction relief in the Missouri Circuit Court on April 13, 2000, after three days of the one-year period had elapsed. The circuit

court denied the motion, and petitioner appealed the denial. The Missouri Court of Appeals affirmed the denial of relief on September 17, 2002, and Judge Noce found that the statutory period began running again fifteen days later, on October 2, 2002, when the period for seeking rehearing expired. The limitations period is <u>not</u> tolled for ninety days following state court appellate review of the denial of post-conviction relief. <u>Snow v. Ault</u>, 238 F.3d 1033, 1035-36 (8th Cir. 2001). Thus, because three days had elapsed, petitioner was required to file his habeas corpus petition within 362 days of October 2, 2002, or no later than September 30, 2003. Petitioner did not place his petition in the mail until October 21, 2003, and the petition is thus untimely.

The mandate was issued from the Missouri Court of Appeals on October 23, 2002. Petitioner contends that this is the date upon which his conviction became final. Judge Noce properly rejected that argument. To the extent that petitioner contends that his application for post-conviction relief remained pending until the mandate issued, petitioner is mistaken: under Rule 84.17, he had fifteen days to file a petition for rehearing and the tolling ceased when he failed to do so. Petitioner also argues that he is entitled to equitable tolling because his lawyer informed him he had "one year" in which to file his § 2254 petition. In a letter dated October 28, 2002, counsel wrote, "<u>Please be aware that the time limitations of the new habeas legislation are very short</u>; <u>the maximum filing time is one year</u>. <u>If you wish to file a federal habeas action, you will need to do so immediately</u>." (emphasis in original). Petitioner interpreted this to mean that he had one year from the

date the mandate issued. Whether petitioner correctly understood counsel's instruction regarding the statute of limitations is irrelevant; even if counsel wrongly advised petitioner, counsel's confusion regarding the statute of limitations does not warrant equitable tolling. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

Following *de novo* review, the Court concludes that petitioner has failed to establish that his petition for writ of habeas corpus under 28 U.S.C. § 2254 was timely filed.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge David D. Noce [#19] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Albert L. Pierson for a writ of habeas corpus [#2] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).


CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 24th day of February, 2006.