UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALBERT L. PIERSON,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　)　　　No. 4:03-CV-1531 (CEJ)
　　　　　　　　　　　　　　　　　)
DAVE DORMIRE,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　　)

### **MEMORANDUM AND ORDER**

On February 24, 2003, this Court adopted the Report and Recommendation of United States Magistrate Judge David D. Noce, and dismissed the petition for writ of habeas corpus of Albert L. Pierson as untimely filed under 28 U.S.C. § 2244(d). On March 17, 2006, the Eighth Circuit Court of Appeals held that, under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate following the appeal of the denial of relief. Payne v. Kemna, --- F.3d ---, 2006 WL 668227 * 2 (8th Cir. Mar. 17, 2006). Petitioner in this instance made the same argument, which the Court rejected. The Court, therefore, will vacate the order and judgment entered on February 24, 2006, and will reconsider whether petitioner's habeas corpus action was timely filed.

A person in custody under a state court judgment has one year from the date upon which the judgment became final to apply for a writ of habeas corpus from a federal court. 28 U.S.C. § 2244(d)(1). The judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." §

2244(d)(1)(A). The one-year statutory period is tolled during the time a properly filed application for State post-conviction relief is pending. § 2244(d)(2).

The dates relevant to the timeliness of the habeas corpus petition are as follows: Petitioner was convicted of first-degree robbery and armed criminal action on October 19, 1998. The Missouri Court of Appeals affirmed petitioner's convictions on January 11, 2000. State v. Pierson, 24 S.W.3d 720 (Mo. Ct. App. 2000). Petitioner did not file a motion for rehearing or a motion to transfer the case to the Missouri Supreme Court, and the mandate issued on February 15, 2000. Petitioner filed a motion for post-conviction relief in the Saint Charles County Circuit Court on April 13, 2000. The Missouri Court of Appeals affirmed the denial on post-conviction relief in September 17, 2002, and issued the mandate on October 23, 2002.

The timeliness of Mr. Pierson's petition depends upon the resolution of two questions: first, when did the conviction become final and, two, how long was the one-year statutory period tolled? The second question has now been definitively answered by Payne: Petitioner's post-conviction relief proceedings were pending from April 13, 2000, until October 23, 2002, when the mandate was issued.

The answer to the first question depends upon whether petitioner is entitled to the benefit of the ninety-day period for seeking certiorari from the United States Supreme Court. In its order adopting the Report and Recommendation, the Court noted a

dispute on this point and gave petitioner the benefit of the extra period. Upon closer examination, the Court concludes that petitioner is not entitled to the ninety-day period because he did not seek discretionary review from the Missouri Supreme Court following the affirmance of his conviction by the Missouri Court of Appeals.

The statute of limitations in § 2244(d)(1)(A) is triggered by either (1) the conclusion of all direct appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). In Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999), the Eighth Circuit applied the rule announced in Smith to a Missouri state prisoner; examination of the state court proceedings establishes that Mr. Nichols did not file either a motion for rehearing or a motion to transfer to the Missouri Supreme Court. Relying on the outcome in Nichols, courts in this district have given petitioners the benefit of the ninety-day period to seek certiorari, whether or not they sought discretionary review from the Missouri Supreme Court. See, e.g., Mayer v. Dormire, 2005 WL 2454028 (E.D. Mo. Oct. 3, 2005) (where no petition for discretionary review by the Missouri Supreme Court filed, judgment final ninety days after Missouri Court of Appeals affirms conviction). The Court notes, however, that the

specific issue now under consideration was not explicitly addressed in <u>Nichols</u>, and the Court has not located any other case from the Eighth Circuit directly addressing the issue.

Other courts have held that a habeas petitioner is not entitled to the ninety-day period for seeking certiorari from the United States Supreme Court after failing to seek review from the state court of last resort. <u>Roberts v. Cockrell</u>, 319 F.3d 690, 693 n.14. (5th Cir. 2003) (petitioner "apparently waived" right to seek writ of certiorari by failing to file petition for discretionary review in state court); <u>see also</u> <u>Wesley v. Snedeker</u>, 159 Fed. Appx. 872, **2 (10th Cir. Dec. 21, 2005) (petitioner not entitled to ninety-day period to seek certiorari after failing to seek discretionary review from state Supreme Court); <u>Martinez v. Crosby</u>, 2005 WL 3133471, *4 (M.D. Fla. Nov. 23, 2005) (same); <u>Nou v. Curtin</u>, 2005 WL 2123819, *2 (W.D. Mich. Aug. 31, 2005) (same); <u>Brown v. Farrell</u>, 2005 WL 2233069, *3 (S.D. Ala. Aug. 24, 2005) (same); <u>Singh v. Belleque</u>, 2005 WL 318797, *2 (D. Or. Feb. 8, 2005) (same); <u>Duquette v. Warden, New Hampshire State Prison</u>, 2005 WL 23332, *2-3 (D.N.H. Jan. 6, 2005) (same).

Many of these courts note that, under applicable rules of the Supreme Court, a writ of certiorari will be granted "only for compelling reasons." Sup. Ct. Rule 10. Three circumstances, "although neither controlling nor fully measuring the Court's discretion, indicate the character of the reasons the Court considers." The second such circumstance is that "a <u>state court of last resort</u> has decided an important federal question in a way that

-4-

conflicts with the decision" of another court. Rule 10(b) (emphasis added). Similarly, Rule 13.1, governing the time for seeking a petition, provides that "a petition for certiorari to review a judgment in any case, civil or criminal, entered by a <u>state court of last resort</u>, . . . is timely when it is filed . . . within 90 days after the entry of judgment." (emphasis added).

Further support for the argument that a state prisoner waives his ability to obtain certiorari by failing to seek review by the state's highest court is found in the statute governing the Supreme Court's jurisdiction over decisions of the state courts. The statute provides that "Final judgments . . . rendered by the <u>highest court of a State</u> in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." 28 U.S.C. § 1257(a) (emphasis added).

Based upon the above review, the Court concludes that petitioner was not entitled to the ninety-day period to seek certiorari because he failed to request transfer to the Missouri Supreme Court. Therefore, his conviction became final, for the purposes of § 2244(d)(1), on February 15, 2000, when the Missouri Court of Appeals issued the mandate following the affirmance of his conviction.

When petitioner filed his post-conviction relief motion on April 13, 2000, fifty-eight days of the one-year period had elapsed. The one-year period resumed on October 23, 2002, when the Missouri Court of Appeals issued the mandate following the affirmance of the denial of relief. The limitations period is <u>not</u>

tolled for ninety days following state court appellate review of the denial of post-conviction relief. Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir. 2001). Thus, because fifty-eight days had elapsed, petitioner was required to file his habeas corpus petition within 307 days of October 23, 2002, or no later than August 26, 2003. Petitioner did not place his petition in the mail until October 21, 2003, and the petition is thus untimely.

Petitioner also argues that he is entitled to equitable tolling because his lawyer informed him he had "one year" in which to file his § 2254 petition. In a letter dated October 28, 2002, counsel wrote, "Please be aware that the time limitations of the new habeas legislation are very short; the maximum filing time is one year. If you wish to file a federal habeas action, you will need to do so immediately." (emphasis in original). Petitioner interpreted this to mean that he had one year from the date the mandate issued. Whether petitioner correctly understood counsel's instruction regarding the statute of limitations is irrelevant; even if counsel wrongly advised petitioner, counsel's confusion regarding the statute of limitations does not warrant equitable tolling. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

Following *de novo* review, the Court concludes that petitioner has failed to establish that his petition for writ of habeas corpus under 28 U.S.C. § 2254 was timely filed. The Court will deny the petition as time-barred but will grant petitioner a Certificate of Appealability on this issue.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Memorandum and Judgment entered on February 24, 2006, are **vacated**.

**IT IS FURTHER ORDERED** that Report and Recommendation of United States Magistrate Judge David D. Noce [#19] is sustained in part and denied in part, as discussed above and, as modified, is adopted and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Albert L. Pierson for a writ of habeas corpus [#2] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2006.