UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALBERT L. PIERSON, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:03-CV-1531 (CEJ) |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit to determine whether the circumstances of the case justify equitable tolling of the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1). Pierson v. Dormire, 276 Fed. Appx. 541 (8th Cir. May 6, 2008). Petitioner and respondent have submitted briefs on the issue.

Petitioner was convicted on October 19, 1998. The Missouri Court of Appeals affirmed his conviction on January 11, 2000, State v. Pierson, 24 S.W.3d 720 (Mo. Ct. App. 2000), and the mandate issued on February 15, 2000. Petitioner did not seek transfer to the Missouri Supreme Court and, thus, his conviction became final for the purposes of § 2244(d)(1)(A) on the day the mandate issued. Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008). The limitations period ran for 57 days until petitioner filed a motion for post-conviction relief on April 13, 2000, and resumed on October 24, 2002, the day after the Missouri Court of Appeals issued the mandate following the appeal of the denial of post-conviction relief. The federal habeas petition was due 308 days later, on August 27, 2003.

In a letter written on October 28, 2002, assistant public defender Lisa Stroup informed petitioner that his postconviction proceedings were final. She also wrote:

> **Please be aware that the time limitations of the new habeas legislation are very short; the maximum filing time is one year. If you wish to file a federal habeas action, you will need to do so immediately.** Your time for filing should be tolled for the period that your case was on direct appeal, and it was also tolled while your postconviction motion and this appeal were pending. This means that you should have almost a full year left to file after the conclusion of your direct appeal and postconviction motion.

Petitioner's Memorandum, Ex. 1 [Doc. #44-3] (emphasis in original). This was the standard advice of the Missouri public defender system to Missouri prisoners based upon the case of Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999). Petitioner filed his 28 U.S.C. § 2254 petition on October 21, 2003, two days before the expiration of the one-year period under Nichols.

### Discussion

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has pursued his right diligently, and (2) that some extraordinary circumstance stood in his way." Riddle v. Kemna, 523 F.3d 850, 857 (8th Cir. 2008) (quoting Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006)). "Equitable tolling is 'an exceedingly narrow window of relief.'" Id. (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

In Riddle, the Eighth Circuit abrogated the long-standing *en banc* decision in Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999), under which Pierson's petition would have been timely. This abrogation, the Eighth Circuit held, is an "extraordinary circumstance" for the purposes of equitable tolling. Riddle, 523 F.3d at 857. Thus, petitioner is entitled to equitable tolling of the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1)(A) if he can demonstrate that he pursued his rights diligently throughout the period he seeks to toll. See Brown v. Schriro, 2008 WL 4277642 (D. Ariz. Sept. 17, 2008) (quoting Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000)).

Respondent contends that petitioner is not entitled to equitable relief because Ms. Stroud's advice did not depend upon Nichols. Ms. Stroud states in an affidavit that she believed the one-year period began with "the issuance of the mandate by a Missouri appellate court denying post-conviction relief." Respondent correctly notes that the Nichols rule addressed the ending of the direct criminal appeal, not the post-conviction appeal. In this instance, however, petitioner filed his postconviction motion -- and tolled the limitations period --  before the expiration of the ninety days allowed by Nichols. The time began to run again once the postconviction proceedings concluded. Nichols was not irrelevant to Ms. Stroud's advice to petitioner.

The Court has reviewed the parties' arguments and concludes that petitioner diligently pursued his right to seek federal habeas relief based on legal advice that was accurate at the time it was given.

Accordingly,

**IT IS HEREBY ORDERED** that respondent shall, not later than **May 29, 2009**, address the merits of petitioner's claims for relief.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2009.