UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ALBERT L. PIERSON,                     )
                                       )
            Petitioner,                )
                                       )
      vs.                              )      Case No. 4:03-CV-1531 (CEJ)
                                       )
DAVE DORMIRE,                          )
                                       )
            Respondent.                )

## MEMORANDUM

This matter is before the Court on the petition of Albert L. Pierson for a writ
of habeas corpus pursuant to 28 U.S.C. § 2254.

### I.    Procedural Background

Petitioner Albert Pierson is presently incarcerated at Southeast Correctional
Center, pursuant to the sentence and judgment of the Circuit Court of St. Charles
County, Missouri.  On October 19, 1998, a jury found petitioner guilty of one count
of first-degree robbery and one count of armed criminal action.  The trial court
sentenced petitioner to concurrent terms of thirty years and ten years
imprisonment, respectively.  Petitioner timely filed a notice of appeal and, on
January 11, 2000, the Missouri Court of Appeals affirmed the convictions and
sentences.  State v. Pierson, 24 S.W.3d 720 (Mo. Ct. App. 2000).  Petitioner filed
a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule
29.15, which the motion court denied after an evidentiary hearing.  On September
17, 2002, the Missouri Court of Appeals summarily affirmed the denial of relief.
Pierson v. State, 85 S.W.3d 701 (Mo. Ct. App. 2002).

## II.    Factual Background

Petitioner's convictions arise from an armed robbery on January 25, 1998, at a Convenient Food Mart in St. Charles, Missouri.  Christine Confer testified that she was working alone at the store that night.  She opened the safe in order to count the money from the earlier shift.  A man with a gun in his hand entered the store and demanded the money from the safe and the register.  Ms. Confer put the money on the counter.  The robber took the money and fled from the store.  As soon as he was gone, Ms. Confer called the police.  She gave them a description of the robber and showed them the store's surveillance tape.  Officer Ray Juengst testified that Ms. Confer repeatedly stated that she knew the suspect.  Later, at the police station, Ms. Confer remembered that the robber looked like someone named "Trey" with whom she had worked in the past.  Lieutenant Dennis Lee Corley testified that he obtained a photograph of petitioner, whom Ms. Confer identified as the man who robbed her.

At approximately 4:00 a.m., the police officers went to petitioner's last known address and spoke with his mother, Robbie Pierson.  She told the officers that her son was not there.[1]  Timothy Riley testified that he and petitioner had both been at a Super Bowl party at a friend's home (the Stillman residence) and that petitioner had not left the house until shortly after 4:00 a.m., when petitioner's mother called.

---

[1]Ms. Pierson testified that she told the officers where petitioner was staying and that she called petitioner and told him to stay put.  The officers testified that Ms. Pierson denied having any knowledge of petitioner's location.

Additional facts will be discussed as necessary to address the merits of petitioner's claims for relief.

### III. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an

objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

## IV. Discussion

### Ground 1: Denial of Motion for Continuance

Petitioner contends the trial court erred in denying his motion for a continuance in order to secure the attendance of alibi witness Alana Doran.

Petitioner's trial was originally scheduled to begin on September 28, 1998. On September 14th, defense counsel requested a continuance in order to investigate alibi witnesses, including one located in Florida. The motion was granted and trial was reset for October 19, 1998. Defense counsel filed a second motion for continuance on October 7th. The trial court heard the motion on the morning of trial and denied a further continuance.

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." Ungar v. Sarafite, 376 U.S. 575, 589 (1964) (citing Avery v. Alabama, 308 U.S. 444, 446 (1940)). "There are no mechanical tests for deciding when a

-4-

denial of a continuance is so arbitrary as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."  Id. at 589-90.

Petitioner wanted to call Alana Doran as an alibi witness. Ms. Doran resided in Florida and would have testified that she called the Stillman residence at 10:49 p.m. (Eastern Standard Time) and spoke with petitioner.  The Missouri Court of Appeals affirmed the denial of the continuance, noting that the robbery occurred nearly an hour and a half after Ms. Doran placed the phone call and thus her testimony would not have conclusively established an alibi for petitioner. Furthermore, her testimony would have been cumulative of Mr. Riley's and Ms. Pierson's, both of whom testified that petitioner was at the Super Bowl party.

Petitioner cannot establish that the decisions of the state courts were contrary to or an unreasonable application of clearly established Federal law. His first claim for relief will be denied.

### Ground 2: Improper Limit of Voir Dire

During the voir dire examination, defense counsel stated that petitioner "is probably not going to take the stand and testify in his own behalf.  Is there anyone that would hold it against him or require him to testify?"  (Tr. at 94).  The trial court sustained the prosecutor's objection and limited counsel to inquiring whether there was anyone who could not follow the court's instructions.

"*Voir dire* plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored.  Without an adequate *voir dire* the trial judge's responsibility to remove prospective jurors who will not

be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled. Similarly, lack of adequate *voir dire* impairs the defendant's right to exercise peremptory challenges." <u>Rosales-Lopez v. United States</u>, 451 U.S. 182, 188 (1981). In this case, the Missouri Court of Appeals rejected petitioner's claim, stating that the personal beliefs or views of a venireperson are immaterial unless they substantially impair the venireperson's ability to follow the law. Defense counsel was permitted to read the relevant jury instruction regarding a defendant's right not to testify, read the prohibition against drawing an inference or presumption of guilt from the exercise of that right, and ask venirepersons whether they could follow the instruction. Under the circumstances of the case, the court held, the trial court did not improperly limit voir dire. Petitioner has not established that this decision is contrary to or an unreasonable application of existing Federal law.

### Grounds 3 and 4: Improper Closing Argument

Petitioner claims that during closing argument the prosecutor improperly defined reasonable doubt and commented on defendant's failure to call witnesses from the Super Bowl party.

Improper remarks by a prosecutor can violate the Fourteenth Amendment if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637 (1974). This Court may grant habeas corpus relief only if the challenged argument was "so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial." <u>Weaver v. Bowersox</u>, 438 F.3d 832, 840 (8th Cir.

2006) (citation omitted).  Relief will be granted only upon a showing of a reasonable probability that the outcome would have been different but for the improper statement.  Barnett v. Roper, 541 F.3d 804, 812-13 (8th Cir. 2008).

The jury was instructed that "A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  The law does not require proof that overcomes every possible doubt."  (Tr. 296).

Petitioner contends that the prosecutor misstated the burden of proof during closing argument. The prosecutor stated:

> Instruction No. 4 talks about our proof, the proof beyond a reasonable doubt.  And it tells you you need to be firmly convinced, and it says a doubt based on reason and common sense is a reasonable doubt.
>
> But the State simply needs to leave you firmly convinced this person committed the crimes that we have charged him with, not beyond all doubt or beyond a shadow of a doubt, but if you can say in your gut you know he did it and you're sure he did it, then you can return a guilty verdict.  That is proof beyond a reasonable doubt.
>
> (Tr. 301).

Assuming without deciding that the prosecutor improperly defined the State's burden of proof, there is no doubt that jury was properly instructed by the trial court and petitioner cannot establish that the prosecutor's comment so infected the trial with unfairness as to make the resulting conviction a denial of due process.

Elsewhere during closing, the prosecutor asked, "Why is it that we have not heard from one witness at the party?  Why is that?"  Petitioner casts this  question

as a comment on the lack of testimony from Alana Doran, who was excluded from testifying by virtue of the denial of his request for a continuance. The Missouri Court of Appeals rejected petitioner's contention that the prosecutor was improperly commenting on evidence the trial court had ruled inadmissible: Ms. Doran was not at the party and thus the prosecutor's statement was not directed to the failure to present her testimony. Petitioner cannot establish that the state court decisions were contrary to or unreasonable applications of federal law.

### Grounds 5, 6, and 7: Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In order to obtain relief under § 2254(d)(1), however, it is not enough to convince a federal habeas court that, in its independent judgment, the state court applied Strickland incorrectly. Bell v. Cone, 535 U.S. 685, 699 (2002). Rather, petitioner must show that the Missouri courts applied Strickland to the facts of his case in an objectively unreasonable manner. Id.

Petitioner first contends that trial counsel rendered ineffective assistance of counsel by failing to investigate and introduce into evidence a family videotape showing that he had short hair one month before the robbery. Petitioner argues that the videotape would have undermined the reliability of Ms. Confer's identification of him because she described the robber's hair as collar-length. At the post-conviction evidentiary hearing, trial counsel testified that he first learned of the videotape during trial. He sent his investigator to get the tape, but petitioner's grandparents were out of town and the tape could not be located. The Missouri Court of Appeals held that, in the absence of evidence that counsel knew or had reason to know of the videotape's existence, petitioner could not establish that counsel conducted an unreasonable investigation. Petitioner also could not establish prejudice because evidence from the videotape would have been cumulative of Ms. Pierson's testimony that he had short hair. Petitioner cannot establish that the state court unreasonably applied Strickland to this claim.

Petitioner next contends that his trial counsel was ineffective for failing to call witnesses to testify: his grandparents, who would have been able to testify that he had short hair a month before the robbery and Alana Doran, who would have testified that she spoke with petitioner on the telephone before the robbery. The post-conviction and appellate courts rejected these claims, finding that the proposed testimony was cumulative of testimony provided at trial. In addition, Ms. Doran's proposed testimony would not have provided an alibi for petitioner at the time of the crime, but would merely have accounted for his whereabouts before

the crime.  The failure to call witnesses under these circumstances does not amount to ineffective assistance of counsel.

In summary, petitioner has failed to establish that the state courts' decisions on his claims were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings.  28 U.S.C. § 2254(d). The petitioner is not entitled to relief, and his petition for a writ of habeas corpus will be denied.

A separate judgment consistent with this Memorandum will be entered this same date.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of July, 2010.